**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, et al.,

                                    Petitioners,

                    -against-

ALLACOUSTIC SOLUTIONS, LLC,
                                    Respondents.
-------------------------------------------------------------X

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/2020

19 **CIVIL** 10537 (VM)

## JUDGMENT

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated February 19, 2020, that the Petition (Dkt. No. 1) of the Petitioners for confirmation of the Opinion and Default Award dated September 28,2019, (the "Arbitration Award," annexed hereto) is granted; and it is further

ORDERED that the confirmed Arbitration Award is entered as a judgment of this Court, including monetary judgment in favor of Petitioners and against Allacoustice Solutions, LLC in the amount of $60,016.13 plus interest from September 28, 2019, the date of the Arbitration Award through the date of this judgment with interest to accrue at the annual rates of 7.50% in the amount of $1,788.15; and it is further

ORDERED that Petitioners are awarded $770 in attorneys' fees and $70 in costs arising out of this proceeding for a total sum of $62,644.28; and it is further

ORDERED that Petitioners are awarded post-judgment interest on the full judgment amount in accordance with 28 U.S.C. Section 1961.

**Dated:** New York, New York
February 20, 2020

RUBY J. KRAJICK

Clerk of Court

BY:

Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _2/20/20 20_

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

----------------------------------------------------------------------x

**In the matter of the Arbitration between:**
The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, The New York and Vicinity Carpenters Labor Management Corporation, and Joseph Geiger, as Executive Secretary Treasurer of the District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America

### Petitioners,

**OPINION AND
DEFAULT AWARD
OF ARBITRATOR**

-against-

**Allacoustic Solutions,**

### Respondent

----------------------------------------------------------------------x

Pursuant to the provisions of the Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 5/16/2017, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claims arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners that the Respondent-Employer is refusing to have its Books & Records examined by the Funds auditors for the audit period 5/16/2017 through Date, in direct contravention of the Collective Bargaining Agreement that the Respondent-Employer is signatory to.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 4/23/2019, the undersigned by Notice of Hearing dated 5/03/2019, scheduled a hearing for 9/12/2019, in order to determine the dispute between the parties.

### OPINION

On 9/12/2019, at the place and time designated at the aforesaid Notice of Hearing, Charles Virginia, Esq., appeared on behalf of the Petitioners and submitted proof that the

1

Respondent-Employer had legally sufficient notice of this proceeding and the claims against it. There being no appearance on behalf of the Respondent or any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 5/16/2017. This Contract obligated the Respondent-Employer to make its Books & Records, for the aforesaid audit period, available for examination by Funds auditors in order to verify that all required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Petitioners.

In accordance with the procedures adopted by the Funds Trustees, as this Respondent-Employer refused to have its company's Books & Records examined by Funds auditors and continued to deny the Funds permission for an audit within seven days of the Funds written notice to the Respondent-Employer, this arbitration commenced, wherein the Funds seek to hold this Respondent-Employer liable for unpaid contributions in the estimated amount of $44,403.00

dollars plus interest, liquidated damages, cost of the suit, attorney fees the fee of the Arbitrator in addition to the order to comply.

The summary report of the estimated amount of $ 44,403.00 dollars was received into evidence. The Petitioners request that the monies due plus interest, liquidated damages, cost of the suit, attorney fees the fee of the Arbitrator and the order to comply be imposed upon the Respondent, all as required and set forth in the underlying Collective Bargaining Agreement and Benefit Fund Trustee procedures.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Allacoustic Solutions in violation of the Collective Bargaining Agreement for its failure to permit Benefit Funds auditors to examine its Books & Records for the period 5/16/2017 through Date and is also obligated to pay the estimated amount of $ 44,403.00 dollars plus interest, liquidated damages, cost of the suit, attorney fees and the fee of the Arbitrator all in accordance with the terms and provisions of the Collective Bargaining Agreement and the Benefit Fund Trustees procedures in the following amounts:

2

| Estimated Principal............................... | $ | 44,403.00 |
|---|---|---|
| Interest................................................ | $ | 4,332.53 |
| Liquidated Damages........................... | $ | 8,880.60 |
| Court Costs………………………….. | $ | 400.00 |
| Attorney's Fee……………………….. | $ | 1,500.00 |
| Arbitrator's Fee…………………… | $ | 500.00 |
| **TOTAL** | **$** | **60,016.13** |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds
are awarded an aggregate amount of Sixty Thousand Sixteen & 13/100 dollars ($ 60,016.13)
which is to be paid forthwith by Allacoustic Solutions with interest to accrue at the annual rate of
7.5 % from the date of this award.

Dated: Brooklyn, New York
September 28, 2019

**ROGER E. MAHER,** Arbitrator

**AFFIRMATION**

STATE OF NEW YORK )
COUNTY OF KINGS )
The undersigned under penalty of perjury affirms that he is the Arbitrator in the within
proceeding and signed same in accordance with arbitration law of the State of New York.

**ROGER E. MAHER**

To:     Charles Virginia, Esq.
        Virginia & Ambinder, LLP
        40 Broad Street, 7th Floor
        New York, New York 10004

        Christopher Ozard
        New York City District Council Carpenters Benefit Funds
        395 Hudson Street
        New York, New York 10014

        Allacoustic Solutions
        1S 254 Wisconsin Avenue
        Lombard, IL 60148
        Via Regular Mail & Certified Return Receipt Requested#70183090000189378114

3